1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EMILYANN NICOLE RASMUSSEN,              No.  2:15-cv-0079 DB

12              Plaintiff,

13        v.                                 ORDER

14   NANCY A. BERRYHILL, Acting
     Commissioner of Social Security,
15

16              Defendant.

17

18        This social security action was submitted to the court without oral argument for ruling on

19   plaintiff's motion for summary judgment and defendant's ex parte motion to remand for further

20   proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[1]  For the reasons explained below,

21   plaintiff's motion is granted, defendant's motion is denied, the decision of the Commissioner of

22   Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings

23   consistent with this order.

24                        PROCEDURAL BACKGROUND

25        On May 24, 2012, plaintiff filed an application for Supplemental Security Income ("SSI")

26   under Title XVI of the Social Security Act ("the Act"), and an application for Child's Insurance

27   _____

28   [1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant
     to 28 U.S.C. § 636(c).  (See Dkt. Nos. 9 & 11.)

                                              1

1    Benefits under Title II of the Act, alleging disability beginning on March 3, 1998.  (Transcript

2    ("Tr.") at 15, 64-67, 274-83.)  Plaintiff's applications were denied initially and upon

3    reconsideration.  (Id. at 31-34, 36-41.)

4            Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative

5    Law Judge ("ALJ") on April 18, 2014.  (Id. at 288-320.)  Plaintiff was represented by counsel and

6    testified at the administrative hearing.  (Id. at 288-89.)  In a decision issued on June 2, 2014, the

7    ALJ found that plaintiff was not disabled.  (Id. at 28.)

8            The ALJ entered the following findings:

9        1.  Born on March 8, 1991, the claimant had not attainted age 22 as
     of May 24, 2012, the amended onset date (20 CFR 404.102,
10   416.120(c)(4) and 404.350(a)(5)).[2]

11       2.  The claimant has not engaged in substantial gainful activity
     since May 24, 2012, the amended onset date (20 CFR 404.1571 *et*
12   *seq.*, and 416.971 *et seq.*).

13       3.  The claimant has the following severe impairment: dysthymic
     disorder, panic disorder with agoraphobia, attention deficit
14   hyperactivity disorder (ADHD) and borderline intellectual
     functioning (BIF) (20 CFR 404.1520(c) and 416.920(c)).
15

16       4.  The claimant does not have an impairment or combination of
     impairments that meets or medically equals the severity of one of
17   the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1
     (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925
18   and 416.926).

19       5.  After careful consideration of the entire record, I find that the
     claimant has the residual functional capacity to perform a full range
20   of work at all exertional levels but with the following nonexertional
     limitations: the claimant can perform simple routine repetitive tasks
21   in a setting with a few work place changes; no work at a fixed
     productions rate pace; and no more than occasional interaction with
22   the general public, coworkers, and supervisors.

23       6.  The claimant has no past relevant work (20 CFR 404.1565 and
     416.965).

24       7.  The claimant was born on March 8, 1991 and was 21 years old,
     which is defined as a younger individual age 18-49, on the amended
25   disability onset date (20 CFR 404.1563 and 416.963).

26       8.  The claimant has at least a high school education and is able to
     communicate in English (20 CFR 404.1564 and 416.964).
27

28   [2]  On April 21, 2014, plaintiff amended her alleged onset date to May 24, 2012.  (Tr. at 15.)

9.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.  The claimant has not been under a disability, as defined in the Social Security Act, from May 24, 2012, the amended onset date, through the date of this decision (20 CFR 404.350(a)(5), 404.1520(g) and 416.920(g)).

(Id. at 17-28.)

On November 14, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's June 2, 2014 decision.  (Id. at 6-8.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 12, 2015.  (Dkt. No. 1.)

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari,  298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

/////

3

1   Step one:  Is the claimant engaging in substantial gainful activity?
2   If so, the claimant is found not disabled.  If not, proceed to step two.

3   Step two:  Does the claimant have a "severe" impairment?  If so,
4   proceed to step three.  If not, then a finding of not disabled is appropriate.

5   Step three:  Does the claimant's impairment or combination of
6   impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically
7   determined disabled.  If not, proceed to step four.

8   Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.

9   Step five:  Does the claimant have the residual functional capacity
10  to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

11  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

12      The claimant bears the burden of proof in the first four steps of the sequential evaluation

13  process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden

14  if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094,

15  1098 (9th Cir. 1999).

16                              APPLICATION

17      In her pending motion plaintiff's sole argument is that the ALJ erred in determining that

18  plaintiff "did not meet listing 12.05C."  (Pl.'s MSJ (Dkt. No. 16) at 8-12.[3])  In this regard,

19  plaintiff argues that the "evidence establishes plaintiff's severe impairments meet listing 12.05C"

20  and, therefore, this matter should be remanded for the payment of benefits.  (Id. at 12-13.)

21  Defendant "agrees with Plaintiff that remand is necessary" but argues that this matter should be

22  remanded for "more fact-finding . . . ."  (Def.'s Mot. Remand (Dkt. No. 22) at 1-2.)

23      At step three of the sequential evaluation, the ALJ must determine whether a claimant's

24  impairment or impairments meet or equal one of the specific impairments set forth in the Listings.

25  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The physical and mental conditions

26  contained in the Listings are considered so severe that "they are irrebuttably presumed disabling,

27

28  ---
    [3]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." Lester v. Chater, 81 F.3d 821, 828 (9th Cir. 1995).  The Listings were "designed to operate as a presumption of disability that makes further inquiry unnecessary."  Sullivan v. Zebley, 493 U.S. 521, 532 (1990); see also Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001).  If a claimant shows that his impairments meet or equal a Listing, she will be found presumptively disabled.  20 C.F.R. §§ 404.1525-404.1526, 416.925-416.926.

The claimant bears the burden of establishing a prima facie case of disability under the Listings. See Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002).  To "meet" a listed impairment, the claimant must establish that her condition satisfies each element of the listed impairment.  See Zebley, 493 U.S. at 530; Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). To "equal" a listed impairment, the claimant "must establish symptoms, signs, and laboratory findings" at least equal in severity and duration to each element of the listed impairment.  Id.

Listing 12.05C provides as follows:

> 12.05 Mental Retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairments before age 22.  The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; . . . .

20 C.F.R. Part 404, Subpt. P, App. 1 § 12.05.

Here, the ALJ found that plaintiff's "full scale IQ was 68 and she has a valid full scale IQ of 60 through 70 . . . ." (Tr. at 19.)  Thus, according to the ALJ's decision, plaintiff met the first prong of Listing 12.05C.  The ALJ then found that plaintiff "has no physical or other mental impairment imposing an additional and significant work-related limitation of function." (Id.)

As quoted above, however, at step two of the sequential evaluation the ALJ found that plaintiff's "severe impairments" included "dysthymic disorder, panic disorder with agoraphobia, attention deficit hyperactivity disorder (ADHD) and borderline intellectual functioning . . . ." (Id.

1    at 17.)  Moreover, the ALJ found that plaintiff's severe impairments limited her to "simple

2    routine repetitive tasks in a setting with few work place changes . . . and no more than occasional

3    interaction with the general public, coworkers, and supervisors."  (Id. at 20.)

4         "[A]n impairment imposes a significant work-related limitation of function when its effect

5    on a claimant's ability to perform basic work activities is more than slight or minimal."  Fanning

6    v. Bowen, 827 F.2d 631, 633 (9th Cir. 1987).  In this regard, the ALJ's decision clearly found that

7    plaintiff had a physical or other mental impairment that imposed an additional and significant

8    work-related limitation of function.  See Markle v. Barnhart, 324 F.3d 182, 188 (3rd Cir. 2003)

9    ("Several courts of appeals have held that a finding of a severe impairment establishes the second

10   prong of § 12.05C"); Jones v. Colvin, 149 F.Supp.3d 1251, 1261 (D. Or. 2016) ("The ALJ's

11   finding at step two that Plaintiff has several severe impairments including a cochlear implant,

12   anxiety disorder, affective disorder, and a history of reticular dysgenesis satisfies the work-related

13   limitation requirement of Listing 12.05C."); Pedro v. Astrue, 849 F.Supp.2d 1006, 1015 (D. Or.

14   2011) ("Cases interpreting Fanning and the new regulations conclude that if an ALJ finds an

15   impairment to be 'severe' at step two of the disability analysis, 'that impairment necessarily has

16   more than a slight or minimal effect on claimant's ability to perform basic work activities.'");

17   Gomez v. Astrue, 695 F.Supp.2d 1049, 1062 (C.D. Cal. 2010) ("The ALJ found that plaintiff had

18   severe physical and mental impairments consisting of diabetes mellitus with retinopathy and an

19   affective mood disorder.  Therefore, under both Ninth Circuit law and the Commissioner's newer,

20   more demanding regulatory standard, plaintiff has 'a physical or other mental impairment

21   imposing an additional and significant work-related limitation of function' within the meaning of

22   section 12.05.").

23        Accordingly, the court finds that plaintiff is entitled to summary judgment on her claim

24   that the ALJ erred in determining that plaintiff did not meet listing 12.05C.

25                                    CONCLUSION

26        With error established, the court has the discretion to remand or reverse and award

27   benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded

28   under the "credit-as-true" rule for an award of benefits where:

(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin.,, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, defendant argues that this matter should be remanded so that the ALJ can consider "whether the evidence demonstrates or supports onset of the impairment before age twenty-two." (Def.'s Mot. Remand (Dkt. No. 22) at 3-4.)  However, plaintiff's valid full scale IQ score of 68 was obtained on May 6, 2013, (Tr. at 220, 225), less than two months after her 22 birthday.  (Id. at 26.)  In this regard,

… there is a presumption that mental retardation is a condition that remains constant throughout life.  Therefore . . . a claimant need not present evidence that she manifested deficits in adaptive functioning prior to the age twenty-two, when she presented evidence of low IQ test results after the age of twenty-two.

Hodges v. Barnhart, 276 F.3d 1265, 1266 (11th Cir. 2001); see also Talavera v. Astrue, 697 F.3d 145, 152 (2nd Cir. 2012) ("We agree with the majority of our sister Circuits that it is reasonable to presume, in the absence of evidence indicating otherwise, that claimants will experience a fairly constant IQ throughout their lives."); Muncy v. Apfel, 247 F.3d 728, 734 (8th Cir. 2001) ("a person's IQ is presumed to remain stable over time in the absence of any evidence of a change in a claimant's intellectual functioning"); Forsythe v. Astrue, No. 1:10-cv-1515 AWI GSA, 2012 WL 217751, at *7 (E.D. Cal. Jan. 24, 2012) ("this Court is persuaded by the reasoning in those

7

1   cases that support a rebuttable presumption that a valid adult IQ score is evidence of impairment

2   during the claimant's developmental phase").  Moreover, the defendant has not referred to any

3   persuasive evidence that would rebut this presumption nor was the court able to find any such

4   evidence in the record.

5          Thus, it appears certain and unambiguous from both the record and the ALJ's opinion that

6   plaintiff met listing 12.05C.  Further proceedings, therefore, would serve no useful purpose.

7          Accordingly, IT IS HEREBY ORDERED that:

8              1.  Plaintiff's motion for summary judgment (Dkt. No. 16) is granted;

9              2.  Defendant's ex parte motion for voluntary remand (Dkt. No. 22) is denied;

10             3.  The Commissioner's decision is reversed; and

11             4.  This matter is remanded with instructions to award benefits.

12  .Dated:  January 30, 2017

13

14                                                  _____

15                                                  DEBORAH BARNES
                                                    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27
    DLB:6
28  DLB1\orders.soc sec\rasmussen0079.ord

                                        8